IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD BERGSRUD, M.D.,**

    Plaintiff,

vs.                                                                                                **Civ. No. 97-1339 LCS**

**COLUMBIA-LEA REGIONAL MEDICAL
CENTER and COLUMBIA/HCA HEALTHCARE
CORPORATION, a foreign corporation,**

    Defendants.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Columbia Lea Regional Medical Center and Columbia/HCA Healthcare Corporation's ("Columbia's") Motion for Summary Judgment, filed on October 15, 1998. The Court, having considered the pleadings and the applicable law, finds that the Motion is well-taken in part and will be granted in part.

    Plaintiff Richard Bergsrud, M.D. ("Dr. Bergsrud") is an orthopoedic surgeon who practices in Hobbs, New Mexico. From June 1994 until January 1996, when he took a voluntary leave of absence, Dr. Bergsrud enjoyed associate staff privileges at Lea Regional Hospital. As a member of the associate staff, Dr. Bergsrud was "on call" one week out of three, was required to live within 20 miles of the hospital, and could not perform major joint replacement procedures except under supervision of a physician who had full staff privileges. He was not paid any salary or benefits by the Hospital.

    When Dr. Bergsrud asked to have his associate staff privileges reinstated in March of

1

1996, the Hospital refused. He then brought suit under titles I and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sec. 12101 et seq., and the Rehabilitation Act, 29 U.S.C. Sec. 794, alleging that Columbia discriminated against him because he was disabled.

Columbia moved for summary judgment on the grounds that title I of the ADA applies only to employees, and Dr. Bergsrud was not an employee of the Hospital.[1] It also moved for summary judgment on the grounds that title III of the ADA prohibits a hospital from discriminating on the basis of disability in the services it provides to the public, and the right to associate staff privileges is not a service provided to the public. Finally, it moved for summary judgment on the Rehabilitation Act claim on the grounds that Dr. Bergsrud cannot show that his privileges were terminated solely because of his handicap.

I. **Discrimination in Employment Claim**

In order to recover under title I of the ADA, the plaintiff must be an employee of the defendant. *See Smith v. Midland Brake Inc.,* 138 F.3d 1304, 1307-08 (10th Cir. 1998). The issue of whether a person is an employee or an independent contractor is frequently litigated, and there are various tests under common law and statute. The Tenth Circuit has not yet set out a test for determining whether a person is an employee for purposes of the ADA, but this absence is of no import in the present case. Regardless of which test is used, Dr. Bergsrud would not be considered Columbia's employee.

---

[1] In their reply brief, Defendants contend that even if Dr. Bergsrud was an employee of the hospital, he was not an employee of Columbia/HCA. Because this argument was raised for the first time in reply, it will not be considered. *See Zimmerman v Sloss Equipment Inc.,* 72 F.3d 822, 830 (10th Cir. 1995).

2

All of the tests for employer/employee status share a common element: An employer has the authority to control the way the employee performs his work. *See Mares v. Marsh,* 777 F.2d 1066, 1068 (5th Cir. 1985). In the present case, Dr. Bergsrud contends that the hospital's requiring him to be on call every third week, to live within 20 miles of the Hospital, to use only equipment and prosthetics devices from Columbia's approved list of vendors and to perform certain procedures only under supervision of a physician with full staff privileges constitute sufficient control so as to make Columbia his employer.[2]

However, merely being subject to a hospital's rules as a condition of staff privileges does not make a private physician an employee of that hospital. *Lilly v. Fieldstone*, 876 F.2d 857, 860 (10th Cir. 1989). Only if the hospital can control the professional decisions a physician makes in the method of treating patients does an employer/employee relationship exist. In the present case, Dr. Bergsrud contends that by requiring him to be supervised by a physician with full staff privileges while performing certain procedures, Columbia controls the way he treats patients. In fact, however, it was the supervising physicians who could control the professional decisions Dr. Bergsrud made. If those supervising physicians were themselves employees of the Hospital, then Columbia could be said to be exercising sufficient control over Dr. Bergsrud to be considered his employer for purposes of the ADA. *Cf. Bird v. U.S.A.,* 949 F.2d 1079, 1086 (10th Cir. 1991) (temp agency Nurse, whose duties were subject to supervision and control of Doctor employed

---

[2] Dr. Bergsrud contends that by refusing his requests to order prosthetic devices other than those on its list of approved vendors, Columbia controlled the way he performed his work. While a situation could exist in which the refusal to allow a physician freedom to use a certain device so impacts on his professional decision making as to constitute control over the way he does his work, in the present case the plaintiff alleges only a concern with the durability of an otherwise appropriate prosthethis; he does not allege that he had to change a patient's treatment because the appropriate prosthetic device was unavailable. Indeed, in his statement of undisputed facts Dr. Bergsrud admits that, on such an occasion, the hospital special ordered the device.

3

by the government, was a government employee for purposes of the Federal Tort Claims Act). However, in the absence of any allegation or affidavit by Dr. Bergsrud that any of the physicians who supervised him were Columbia employees, the Court cannot find that Columbia exercised control over the way he did his work. Accordingly, he was not an employee of the Hospital and cannot recover under the title I of the ADA. An Order granting Summary Judgment on this claim will be entered.

**II. Discrimination in Public Accommodations Claim**

In order to recover under title III of the ADA, a plaintiff must show that he was discriminated against, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. Secs. 12181-12189. A hospital is a place of public accommodation for purposes of the Act. See 42 U.S.C. Sec. 12181(7)(F). While the language of the statute seems applicable to the situation presented here, Columbia contends that the opportunity to use the hospital facilities to perform surgical procedures is not a "privilege" as the term is used in the statute, because the opportunity to perform surgery is not the reason the public enters hospitals.

This argument was specifically rejected in *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 122 (3d Cir. 1998). In reviewing the text of the ADA and its legislative history, the Third Circuit found no reason not to apply the language of the statute literally to protect a doctor denied the privilege of using hospital facilities to perform surgery. This Court is persuaded by the Third Circuit's analysis. Accordingly, an Order denying Columbia's Motion for

Summary Judgment on Dr. Bergsrud's discrimination in public accommodations claim will be entered.

**III. Rehabilitation Act Claim**

The Rehabilitation Act, 29 U.S.C. Sec. 794 (a) states:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...

A plaintiff establishes a *prima facie* case under the Rehabilitation Act by showing that he is qualified for the program or benefit except for his handicap, and that he was rejected under circumstances which support an inference that his rejection was based solely on his handicap. *Pushkin v. Regents of the Univ. of Colo.,* 658 F.2d 1372, 1387 (10th Cir. 1981). That Dr. Bergsrud had enjoyed staff privileges for two years prior to his taking a voluntary leave of absence due to his handicap indicates that he was qualified. Columbia's refusal to reinstate him after he took the leave of absence supports an inference that the refusal was solely because of the handicap.[3]

Because Dr. Bergsrud has established his *prima facie* case based on the record as it is presently constituted, the burden shifts to Columbia to go forward and prove that its refusal to

---

[3]In paragraph 22 of his Complaint, Dr. Bergsrud alleges that Columbia told him that the Executive Committee denied his request for reinstatement because they remained concerned about the status of his ongoing psychiatric treatment and the uncertainty surrounding the precise diagnosis of his psychiatric disorder. As plaintiff has not cited any evidence in the record to support this allegation, it will not be considered for purposes of this motion. *Cooley v. Protective Life Ins. Co.*, 815 F.Supp. 189, 195 (S.D. Miss. 1993).

5

reinstate his associate staff privileges was for reasons other than his handicap. *Pushkin,* Id. It has failed to do so. Columbia alleged in paragraph 26 of its Amended Answer that it "had non-discriminatory business reasons for any actions the Defendant Medical Center took with respect to Plaintiff of which Plaintiff complains", but it has not articulated these reasons in the record. Instead, Columbia contends that because it was obligated by State law to evaluate and review Dr. Bergsrud's qualifications, and that it did in fact evaluate and review his qualifications before denying his request for reinstatement of associate staff privileges, it could not, as a matter of law, have denied Dr. Bergsrud's request solely as a result of his disability.

Columbia's argument is without merit. That a legally required review was conducted does not create an irrebutable presumption that Defendants relied on other reasons, in addition to Dr. Bergsrud's handicap, for denying his reinstatement. That a decision making procedure was employed does not guarantee that decisions it produces are free from corruption. Because Columbia failed to go forward and prove that it had any reasons other than his handicap for refusing to reinstate Dr. Bergsrud's associate staff privileges, it has not discharged its burden under the Rehabilitation Act.

Columbia has requested that the Court rule on this claim based on the record as it now stands, contending that it is not premature to do so, and that no additional discovery is needed. See Defendants' Reply to Plaintiff's Response to Motion for Summary Judgment, p.9. Dr Bergsrud has requested that the Court give him more time to perform additional discovery. While the Court could, based on the record as it now stands, rule that there are no issues of material fact, that Dr. Bergsrud has established a *prima facie* case that Columbia violated the Rehabilitation Act, that Columbia has not met its burden of going forward and proving that it

relied on other reasons besides Dr. Bergsrud's handicap for its refusal to reinstate his associate staff privileges, and that Dr. Bergsrud is accordingly entitled to judgment as a matter of law, it will instead rule only that Dr. Bergsrud has established his prima-facie case, and deny Columbia's Motion on the grounds that it has not yet met its burden under *Pushkin*. An Order denying summary judgment on this claim will be entered. The Court wishes to make clear that it is not foreclosing readdressing this issue, or other issues, after discovery is completed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE